**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**D. CLARK OGLE,**
*Liquidating Trustee of*
*The Agway Liquidating Trust,*

                    **Appellant,**              **No. 6:08-cv-894**
                                                    **(GLS)**

            **v.**

**FIDELITY & DEPOSIT COMPANY OF**
**MARYLAND,**

                    **Appellee.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR APPELLANT:**

Menter, Rudin Law Firm              JEFFREY A. DOVE, ESQ.
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498

**FOR APPELLEE:**

Steptoe, Johnson Law Firm           FILIBERTO AGUSTI, ESQ.
Washington, DC 20036-1795

Davidson, Fink Law Firm             GLENN M. FJERMEDAL, ESQ.
28 Main Street East
Suite 1700
Rochester, NY 14614

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

## I.  INTRODUCTION

The bankruptcy court granted post-petition attorney fees to unsecured creditor Fidelity & Deposit Company of Maryland ("F&D").  D. Clark Ogle, Liquidating Trustee of the Agway Liquidating Trust ("LT") now appeals the bankruptcy court's ruling.  For the reasons stated below, this court affirms.

## II.  BACKGROUND

The relevant facts in this case are undisputed.  The only disputed issue is one of law.  Briefly, Agway, Inc. ("Agway") filed for bankruptcy protection under chapter 11 of the Bankruptcy Code.  *Appellant's Brief* at p. 3.  However, before its petition, Agway had entered into a number of casualty insurance policies with various insurance carriers.  *Id.* at p. 4.  In connection with those policies, Agway provided surety bonds issued by F&D pursuant to certain indemnity agreements.  *Id.*  Under these agreements, Agway was to reimburse F&D for all amounts paid under the bonds issued to each insurance carrier as security for payment of deductibles and premiums.  *Id.*  After Agway filed its bankruptcy petition, F&D filed an amended proof of claim, which included a claim for attorney

2

fees and costs/expenses.  *See In re Agway, Inc.,* 2008 WL 2827439, at *2 (Bankr. N.D.N.Y. 2008).  LT objected to the claim for attorney fees, arguing, among other things, that Bankruptcy Code § 506(b) allows only oversecured creditors to recover this type of fee.  *Id.*  The bankruptcy court, however, disagreed with LT and allowed F&D's claim.  This appeal followed.

### III. <u>DISCUSSION</u>

The district court sits as an appellate court when a bankruptcy order is appealed.  28 U.S.C. § 1334.  The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings.  Fed.R.Bankr.P. 8013.  This court reviews the bankruptcy court's interpretation of the Bankruptcy Code *de novo* and its findings of fact for clear error.  *In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988-89 (2d Cir. 1990).

In *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 127 S.Ct. 1199 (2007), the Supreme Court rejected a blanket prohibition on recovery of post-petition attorney fees incurred in litigating issues of bankruptcy law.  The Court, however, declined to decide whether attorney fees were recoverable in that case because the issue had not been

3

addressed by the lower court.  *Travelers,* 127 S.Ct. at 1208.  In remanding, the Court stated: "we express no opinion with regard to whether . . . other principles of bankruptcy law might provide an independent basis for disallowing Travelers' claim for attorney's fees."  *Id.*

Since *Travelers,* however, bankruptcy courts have visited the issue of post-petition contractual fee claims and have issued split decisions. Recently, the Bankruptcy Appellate Panel for the Ninth Circuit tackled the issue in *Centre Ins. Co. v. SNTL Corp.,* 380 B.R. 204 (9th Cir.BAP 2007). In *SNTL Corp.,* an insurance company asserted a claim for post-petition attorney fees based on contract agreements.  *SNTL Corp.,* 380 B.R. at 207.  The trustee had objected to such claim, arguing the Code precluded the claim.  *Id.* at 215-16.  Noting the term "claim" in the Code is broad and includes "contingent" claims, the court in reversing the bankruptcy court and allowing the claim explained:

> Section 502(b)(1) provides that a claim is not allowable if it is unenforceable under the applicable agreement or law for a reason other than because such claim is contingent or unmatured. . . . Under section 502(b)(1), those contingent claims cannot be disallowed simply because the contingency occurred postpetition.

*Id.* at 216.

4

In the case at hand, the bankruptcy court followed the rationale of *SNTL Corp.* and allowed the claim for attorney fees.  LT, however, seeks reversal of the bankruptcy court's decision.

LT contends the bankruptcy court erred in allowing attorney fees because § 506(b)– the section considered the sole exception to the rule that claims are to be determined as of the petition date– is limited to oversecured creditors.  LT asserts this section precludes unsecured creditors from recovering post-petition fees.  Specifically, LT points out that the section's lack of reference to unsecured creditors necessarily means in all other circumstances post-petition attorney fees should not be allowed.  This court disagrees.  This section is only concerned with the determination of secured status and what may be included in a secured claim, and does not suggest a limitation on unsecured claims.  *See SNTL Corp.,* 380 B.R. at 220.  The Supreme Court in *Travelers* clearly stated: "under the terms of the current Bankruptcy Code, it remains true that an otherwise enforceable contract allocating attorney's fees (i.e., one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise."  *Travelers,* 127 S.Ct. at 1203-04 (citation omitted).

5

LT seeks support in the Supreme Court's decision of *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs, Ltd.,* 484 U.S. 365 (1988).  However, in *Timbers,* the Supreme Court stated an undersecured creditor could not recover post-petition interest under 506(b), but the Court did not specifically hold the same treatment should be given to attorney fees under 502(b).  *Timbers,* 484 U.S. at 373.  Section 502(b) does not contain an express exception for post-petition attorney fees.  11 U.S.C. § 502(b).  This section provides that if an objection is made to a claim, the claim shall be allowed unless it falls into one of nine delineated categories, but attorney fees is not in one of those categories.  *See SNTL Corp.,* 380 B.R. at 220 (citation omitted); *In re Smith,* 2008 WL 185784, at *6 (Bankr.W.D.Mo. 2008).  The Supreme Court in *Travelers* clearly stated that courts are to presume that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." *Travelers,* 127 S.Ct. at 1206. (citing 11 U.S.C. § 502(b)).

LT also contends § 502(b)(1) disallows attorney fees because such claim is not fixed at the time of the petition date.  However, as the *SNTL Corp.* court pointed out, claims (under the Bankruptcy Code) include contingent and unliquidated claims.  *See SNTL Corp.,* 380 B.R. at 221.

6

This court agrees that a pre-petition agreement for attorney fees "gives rise to a contingent, unliquidated attorney-fee claim." *Id.* This court also agrees with *SNTL Corp.'s* conclusion that "[s]o long as the right to collect the fees existed pre-petition, the fact that the fees were actually incurred during the post-petition period is not relevant to the determination of whether the creditor has an allowable pre-petition claim for the fees." *Id.* (citation omitted). Therefore, in the case at hand, the bankruptcy court correctly held that "the fact that the fees were incurred postpetition does not negate the fact that F&D's claim is contingent and deemed to have arisen prepetition based on its agreements with the Debtors."[1] *In re Agway, Inc.,* 2008 WL 2827439, at *6.

LT also contends postpetition attorney fees should be denied to "secure equality among creditors." LT's Brief at 18. However, this court "cannot agree that the policy of equitable distribution renders an unsecured creditor's otherwise valid contractual claim for collection costs unenforceable in bankruptcy." *In re United Merchants & Mfrs., Inc.,* 674 F.2d 134, 137 (2d Cir. 1982).

---

[1]Because this court agrees that, in this case, the attorney fees arising out of the pre-petition contract fall within the Bankruptcy Code's definition of a claim, *See SNTL Corp.,* 380 B.R. at 221, the court rejects LT's contention that § 502(e)(2) also operates as a bar to F&D's claim of attorney fees. LT's Brief at 15.

In sum, this court agrees with the bankruptcy court that, if allowed under contract and applicable state law, postpetition attorney fees cannot be disallowed.  "Congress, of course, has the power to amend the Bankruptcy Code by adding a provision expressly disallowing claims for attorney's fees incurred by creditors in the litigation of bankruptcy issues." *Travelers,* 127 S.Ct. at 1206.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the judgment of bankruptcy court is affirmed; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated; January 12, 2009

Gary L. Sharpe
U.S. District Judge

8